**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARCIA SPENCER,
    Plaintiff,

    v.                                        No. 3:14-cv-01189 (JAM)

DUNCASTER, INC.,
    Defendant.

## ORDER OF REMAND TO STATE COURT

To remove a case from state court to federal court, a defendant must act quickly. Within 30 days of receiving a document first alerting a defendant that a federal court would have subject-matter jurisdiction over a state court case, a defendant must file a notice of removal—or else the right to remove is forever lost. *See* 28 U.S.C. § 1446(b). In this employment discrimination case, *pro se* plaintiff Marcia Spencer filed a federal Title VII discrimination complaint in Connecticut state court. But defendant Duncaster Inc. did not remove the case to federal court within 30 days of receiving the state court complaint. Instead, defendant waited to remove the case until more than two months later, shortly after plaintiff received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").

I conclude that defendant's removal of this case was untimely. Because the basis for federal jurisdiction was clear from the start on the face of plaintiff's state court complaint, defendant had to remove the case—if at all—within 30 days of receiving the complaint. The later issuance of an EEOC right-to-sue letter did not reset the 30-day removal clock because, under well-established Second Circuit precedent, the exhaustion of the EEOC review process is *not* a jurisdictional prerequisite to a Title VII suit.

1

**Background**

Plaintiff is an African American nurse who was fired by her employer, allegedly on grounds of her race and skin color. Earlier this year, plaintiff filed a complaint in Connecticut state court setting forth, among other claims, a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See* Doc. #1-2. Notably, the complaint did not contain any allegations that plaintiff had obtained a right-to-sue letter from the EEOC, as required for claims filed under Title VII. *See* 42 U.S.C. § 2000e-5(e)(1).

Defendant concedes that it was served a copy of plaintiff's complaint on May 30, 2014, and that the state court complaint on its face set forth a federal claim under Title VII. *See* Doc. #1 at 1-2. Nevertheless, defendant did not remove the case to federal court within 30 days of its receipt of the complaint.

On July 28, 2014, the EEOC issued plaintiff a right-to-sue letter. *See* Doc. #1-1 at 2. About two weeks later, on August 15, 2014, defendant removed the case to this Court pursuant to 28 U.S.C. §1441(a), invoking federal-question jurisdiction under 28 U.S.C. § 1331. Doc. #1 at 1-2.

Because defendant had not removed the case until more than 30 days after defendant acknowledged that it had received the state court complaint, I issued an order to show cause why the case should not be remanded to state court as untimely removed. Doc. #14. In its response to this order, defendant argues that its removal was timely because it was effectuated within 30 days of the issuance of the EEOC right-to-sue letter and contends that "[a]bsent an allegation that plaintiff has exhausted her administrative remedies or the attachment of a right-to-sue letter from the EEOC, a federal court lacks jurisdiction over a Title VII claim." Doc. #16 at 3.

## Discussion

One way that a civil case can end up on a federal district court docket is by removal from state court. *See* 28 U.S.C. § 1441 *et seq.* But "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations and internal quotation marks omitted). Thus, "the removal statute, like other jurisdictional statutes, is to be strictly construed." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001) (citations omitted).

A state court action is subject to removal only if a federal court would have had jurisdiction if the case had first been filed in federal court and if defendant complies with the removal statute's time limits. *See Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014). The statute's time limits are "mandatory" and must be "rigorously enforce[d]." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Ordinarily, a defendant must effectuate removal of a case within 30 days of its receipt of the initial summons or complaint. *See* 28 U.S.C. § 1446(b)(1). What determines whether a defendant should know that the 30-day clock has begun ticking? The Second Circuit has explained that a defendant's right to remove is triggered if a state court complaint "'enables the defendant to intelligently ascertain removability from the face'" of the complaint. *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (quoting *Whitaker*, 261 F.3d at 205-06). Here, for example, it is evident from the face of plaintiff's complaint with its allegation of a federal Title VII violation that her action was well within the subject-matter jurisdiction of a federal court. *See* 28 U.S.C. § 1331.

By contrast, for state court cases that are not initially removable but later become so, the removal statute creates a so-called "revival exception" to the usual 30-day rule: "if the case stated by the initial pleading is not removable," then a case may be properly removed within 30 days of the receipt of any "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Cutrone*, 749 F.3d at 142-43 (discussing rule and exception). As this plain language makes clear, the revival exception applies only when the initial complaint was *not* removable and only if some later pleading or other paper makes the case removable *for the first time*.

Seizing upon the revival exception, defendant contends that its removal on August 15, 2014, was timely because the removal occurred within 30 days of the issuance by the EEOC of the right-to-sue letter on July 28, 2014. Defendant argues that because plaintiff failed in the first instance to plead exhaustion of administrative remedies with the EEOC or to attach the EEOC right-to-sue letter to her complaint, federal jurisdiction was lacking until issuance of the EEOC right-to-sue letter. *See* Doc. #16. As defendant would have it, only the issuance of the EEOC right-to-sue letter made the case subject to a federal court's jurisdiction and was the first indication that the case was removable.

Defendant primarily relies on *Danfelt v. Bd. of Cnty. Comm'rs of Washington Cnty.*, 998 F. Supp. 606 (D. Md. 1998). In *Danfelt*, a defendant removed a state court complaint containing a state law wrongful discharge claim that was based on an alleged violation of the federal Americans with Disabilities Act (ADA).[1] *Id.* at 607. The plaintiff moved to remand, and the district court granted the motion due in part to its conclusion that the "[p]laintiff's well-pleaded complaint" did not indicate that plaintiff had "satisfied the exhaustion [of administrative

---

[1] The ADA incorporates by reference Title VII's exhaustion of administrative remedies requirement. *See* 42 U.S.C. § 12117(a) (referencing 42 U.S.C. § 2000e-5). Accordingly, the analysis with regards to exhaustion is the same under Title VII and the ADA.

remedies] requirement." *Id.* at 609. The judge further noted that the "failure to exhaust

[administrative remedies] would deprive [the] Court of subject-matter jurisdiction." *Ibid.* In

reaching this jurisdictional conclusion, the *Danfelt* court relied on Fourth Circuit authority

holding that the receipt of a right-to-sue letter is a jurisdictional predicate for a federal court

action. *Ibid.* (citing *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995)).

   But that is not the law of the Second Circuit. To the contrary, it is well established that

issuance of a right-to-sue letter is a waivable condition precedent to a Title VII suit and is *not* a

jurisdictional requirement. *See, e.g.*, *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir.

2000); *see also Pietras v. Board of Fire Commissioners,* 180 F.3d 468, 474 (2d Cir.1999)

(holding that "a plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar,

but only a precondition to bringing a Title VII action that can be waived by the parties or the

court").

   The Second Circuit's rule is the clear majority rule across the federal courts of appeals.

Indeed, the Second Circuit has acknowledged a circuit split on this issue and cited the *Davis*

decision of the Fourth Circuit as an outlier that runs contrary to the non-jurisdictional rule

recognized by "the overwhelming majority of other circuits." *See Francis*, 235 F.3d at 768

(collecting cases). Nor is the Fourth Circuit's approach even apparently reconcilable with

Supreme Court precedent. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We

hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional

prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject

to waiver, estoppel, and equitable tolling.").

   Accordingly, in view of controlling Second Circuit precedent, there is plainly no merit to

defendant's claim that "[a]bsent an allegation that plaintiff has exhausted her administrative

remedies or the attachment of a right-to-sue letter from the EEOC, a federal court lacks

jurisdiction over a Title VII claim." Doc. #16 at 3. Oddly enough, defendant cites the Second

Circuit's decision in *Francis* while failing to recognize that it conclusively rejects the

jurisdictional argument on which defendant's entire argument rests. More troubling still is

defendant's misleading reliance on Judge Bryant's decision in *Smith v. Connecticut Dep't of

Correction*, 2014 WL 3824357 (D. Conn. 2014), which defendant cites in favor of its

jurisdictional argument while ignoring Judge Bryant's statement that "filing a timely charge with

the EEOC is not a jurisdictional prerequisite to suit in federal court." *Id.* at * 8 (citing *Francis* and

*Zipes*).

It is true that the exhaustion of administrative remedies, including obtaining an EEOC

right-to-sue letter, is a "precondition to bringing a Title VII claim in federal court," *Francis*, 235

F.3d at 768, and it is equally true that a suit initiated by a plaintiff who has not obtained an EEOC

right-to-sue letter might well be subject to dismissal upon a proper motion. But the removability

of a case is not tested by whether the complaint could potentially be dismissed under Fed. R. Civ.

P. 12(b) for failure to exhaust administrative remedies; rather, removal in federal-question cases is

determined only by asking if a federal question appears on the face of plaintiff's "well-pleaded

complaint." *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant also misplaces reliance on the Second Circuit's decision in *Moltner v.

Starbucks Coffee Co.*, *supra.* In *Moltner*, the court held that, in diversity cases, the 30-day

"removal clock does not start to run until the plaintiff serves the defendant with a paper that

explicitly specifies the amount of monetary damages sought." 624 F.3d at 38. Federal subject-

matter jurisdiction in a diversity case requires an amount-in-controversy exceeding $75,000, *see*

28 U.S.C. § 1332(a), and so the absence of a quantified damages allegation may create an

ambiguity about the existence of subject-matter jurisdiction. That situation is not analogous to the circumstances here. In this federal-question case, *see* 28 U.S.C. § 1331, it was plain from the start that plaintiff's allegation of a federal Title VII claim sufficed to create federal subject-matter jurisdiction.

Finally, defendant contends that plaintiff "has not objected to the removal." Doc. #16 at 6. But that is a lot to ask of a *pro se* plaintiff. I can scarcely imagine that any *pro se* plaintiff is versed in the finer points of removal jurisdiction, much less could readily detect that defendant's asserted basis for removal rests on a misguided interpretation of controlling precedent.

In any event, defendant's reliance on the lack of plaintiff's objection to removal ignores one of the most basic principles of federal court jurisdiction. As the Supreme Court has observed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction," *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011), and "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented," because "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). For the same reason, the removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In short, plaintiff's well-pleaded complaint unambiguously raised a federal question. Defendant received that complaint on May 30, 2014, but failed to file its notice of removal until August 15, 2014. Because defendant's notice of removal occurred long after the mandatory 30-day time limit, I conclude that removal was untimely and therefore remand the case to state court.

**Conclusion**

For the foregoing reasons, this case is REMANDED to the Connecticut Superior Court for the Judicial District of Hartford.  The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 15th day of October 2014.

/s/_____
Jeffrey Alker Meyer
United States District Judge